IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kenneth S. Olugbode (20201211100), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 C 1724 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Bean, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied. If Plaintiff wants to proceed with this lawsuit, he must pay the $402 filing fee. Failure to comply with this order by June 17, 2022, will result in summary dismissal of this case.

**STATEMENT**

Plaintiff Kenneth Olugbode, a pretrial detainee incarcerated at Cook County Jail, brings this civil rights action *pro se* under 42 U.S.C. § 1983 against correctional officer Bean and Cook County for an inmate-on-inmate attack. Plaintiff seeks to file his complaint without prepayment of the filing fee. On review of Plaintiff's application to proceed *in forma pauperis*, he appears able to pay the filing fee. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). For that reason, his application is denied.

After all, when the "prison[] provide[s] . . . food, clothing, shelter, and medical care," Plaintiff should expect to have less expenses than those who are not incarcerated. *See Maboneza v. Kincaid*, 798 Fed. App'x 19, 21 (7th Cir. 2020) (citing *Kennedy v. Huibtregtse*, 831 F.3d 441, 443 (7th Cir. 2016)). And when Plaintiff was on notice of the nature of his claims, he had an obligation to appropriately save and spend his money. *See Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012) ("Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state.") (citations omitted); *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (noting that a prisoner who "squander[s]" all his assets has the "means" to pay and is not protected by 28 U.S.C. § 1915(b)(4)), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000); *see also Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (noting that a prisoner "can save up . . . and pay the filing fee"). It then follows that in deciding how to spend his money, Plaintiff may not deplete his financial resources on discretionary purchases and then plead poverty when it is time to pay the filing fee for a lawsuit he chose to initiate. *Maboneza*, 798 Fed. App'x at 21 ("That Maboneza spent his income on phone calls and commissary items does not necessitate a finding of indigence."); *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) (holding that inmates are not entitled to prioritize personal spending over their filing fee obligations).

But for a single transaction, Plaintiff spent his money at the commissary. Between September 8, 2021, and March 8, 2022, Plaintiff received $1,420 in deposits, averaging $236.67 in income each month. Yet, during that timeframe, Plaintiff spent $1,454.39 at the commissary, and this amount factors in credits he received on those purchases. Put another way, on average, he spent $242.40 per month at the commissary. Plaintiff's spending habits tend to show that he spends more than he receives. He had the funds to save up and pay the filing fee; he simply chose not to do so.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). As discussed, Plaintiff's *in forma pauperis* application and the supporting trust fund statement do not establish an inability to pay.

And so, he must prepay the full $402 statutory filing fee if he wishes to proceed with this action. Plaintiff may pay by check or money order made payable to Clerk of Court and mailed to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Based on average monthly receipts of $242, Plaintiff should be able to save funds sufficient to pay the filing fee within two months. Accordingly Plaintiff must pay the fee on or before June 17, 2022; failure to do so will result in the summary dismissal of this lawsuit.

Date: 4/7/2022  /s/ John J. Tharp, Jr.
John J. Tharp, Jr.
United States District Judge